<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUPER 8 WORLDWIDE, INC.,** *Plaintiff,* v. **GLOBAL MANAGEMENT RESOURCES, LLC, et al.,** *Defendants.* | **Civil Action No. 16-5838** **OPINION** |

**THIS MATTER** comes before the Court on Plaintiff Super 8 Worldwide, Inc.'s ("Plaintiff" or "SWI") motion for default judgment against Defendant Global Management Resources, LLC ("Defendant" or "GMR") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 10. For the reasons set forth herein, the motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff SWI is a South Dakota corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1, ECF No. 1. Defendant GMR is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 155 North Wacker Drive #4250, Chicago, Illinois 60606. Id. ¶ 2. Defendant Brett Norwich ("Norwich") is the only constituent member of GMR and a citizen of Illinois. Id. ¶¶ 3-4.

**A.  The Franchise Agreement**

On February 14, 2014, SWI entered into a franchise agreement (the "Franchise Agreement") with Norwich for the operation of a 55-room Super 8 guest lodging facility located at 3432 Interstate Highway 20, Stanton, Texas 79782 (the "Facility"). Id. ¶ 9. On March 4, 2015, SWI entered into an amended assignment and assumption agreement (the "Assignment and

1

Assumption Agreement") with Norwich and GMR, in which GMR assumed all of Norwich's rights and obligations under the Franchise Agreement for the Facility. Id. ¶ 10. Under the Assignment and Assumption Agreement, the parties agreed to amend the Franchise Agreement to decrease the total number of guest rooms at the Facility from 55 rooms to 50 rooms. Id. ¶ 11. Pursuant to Section 5 of the Franchise Agreement, GMR was obligated to operate a Super 8 guest lodging facility for a term of twenty years. Id. ¶ 12. Additionally, GMR was required to fulfill the following obligations: (1) to make periodic payments to SWI for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees (collectively, "Recurring Fees"); (2) to prepare and submit monthly reports to SWI disclosing, among other things, gross room revenue for purposes of establishing the amount of royalties and other Recurring Fees due to SWI; and (3) to maintain accurate financial information and permit SWI to examine and audit its books, records, and accounts. Id. ¶¶ 13, 15-16. For all past due amounts payable to SWI, GMR agreed to pay interest at the rate of 1.5% per month or the maximum rate permitted by law, whichever is less. Id. ¶ 14.

Section 11.2 of the Franchise Agreement permitted SWI to terminate the Franchise Agreement, with notice to GMR, if GMR: (a) discontinued operating the Facility as a Super 8 guest lodging establishment, and/or (b) lost possession or the right to possession of the Facility. Id. ¶ 17. Under Section 12.1 of the Franchise Agreement, GMR agreed that, in the event of a termination of the Franchise Agreement pursuant to Section 11.2, GMR would pay liquidated damages to SWI in accordance with a formula specified in the Franchise Agreement. Id. ¶ 18. Section 18.4 set liquidated damages for the Facility at $1,000.00 for each guest room of the Facility GMR was authorized to operate at the time of termination. Id. ¶ 19. Pursuant to Section 17.4, GMR also agreed that the non-prevailing party would pay all costs and expenses, including

reasonable attorneys' fees, incurred by the prevailing party to enforce or collect amounts owed under the Franchise Agreement. Id. ¶ 20.

In connection with the Assignment and Assumption Agreement, Norwich provided SWI with a Guaranty of GMR's obligations under the Franchise Agreement. Id. ¶ 21. Pursuant to the Guaranty, Norwich agreed, among other things, that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause [GMR] to perform, each obligation required of [GMR] under the [Franchise] Agreement." Id. ¶ 22. In addition, Norwich agreed to pay the costs, including reasonable attorneys' fees, incurred by SWI in enforcing its rights or remedies under the Guaranty or the Franchise Agreement. Id. ¶ 23.

### B. Termination

On January 3, 2016, GMR unilaterally terminated the Franchise Agreement by ceasing to operate the Facility as a Super 8 guest lodging facility. Id. ¶ 24. By letter dated March 15, 2016, SWI acknowledged GMR's unilateral termination of the Franchise Agreement, effective January 3, 2016, and advised GMR that it was required to pay SWI liquidated damages for premature termination the sum of $50,000.00 as required under the Franchise Agreement, and all outstanding Recurring Fees through the date of termination. Id. ¶ 25. To date, GMR has failed to pay SWI the liquidated damages, as required in Sections 12.1 and 18.4 of the Franchise Agreement, and has also failed to remit the Recurring Fees due and owing under the Franchise Agreement. Id. ¶¶ 35, 43.

### C. Procedural History

On September 23, 2016, SWI filed the instant complaint. ECF No. 1. The Complaint contains six counts against Defendants: (1) an accounting claim for failure to permit SWI to examine GMR's financial information; (2) a claim for $50,000.00 in liquidated damages plus

interest; (3) a claim, in the alternative, for actual damages; (4) a claim for $44,371.18 in outstanding Recurring Fees; (5) an unjust enrichment claim for failure to remit Recurring Fees to SWI; and (6) a claim against Norwich under the Guaranty for all liquidated damages, or actual damages, and Recurring Fees due and owing under the Franchise Agreement. Compl. ¶¶ 29-52.

On November 7, 2016, service of the Complaint was made on Defendant GMR. ECF No. 7. On January 11, 2017, SWI requested the entry of default against GMR, and the Clerk entered default on the same day. ECF No. 9. On January 25, 2017, SWI filed the instant motion for default judgment against GMR.[1] ECF No. 10. The motion is unopposed.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment, a court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

---

[1] SWI voluntarily dismissed Defendant Brett Norwich. ECF Nos. 5-6. Therefore, SWI only moves for default judgment against Defendant GMR.

4

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

**III. ANALYSIS**

**A. Jurisdiction & Service**

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over GMR. This Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because SWI and GMR are citizens of different states and there is an amount in controversy exceeding $75,000. See Compl. ¶¶ 1-2, 5. SWI is a South Dakota corporation with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1. GMR is a limited liability company organized and existing under the laws of Delaware with its principal place of business in Chicago, Illinois. Id. ¶ 2. This Court has personal jurisdiction over GMR by virtue of the Franchise Agreement between Norwich and SWI, as assigned to GMR, pursuant to which GMR has consented "to the non-exclusive personal jurisdiction of and venue in . . . the United States District Court for the District of New Jersey . . . ." Id. ¶ 6. SWI also provided the Court with proof of service of the Summons and Complaint on GMR. ECF No. 7; Certification of Bryan P. Couch, Esq. ("Couch Cert.") ¶ 5, ECF No. 10-2.

**B. Liability**

As GMR has not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of SWI's well pled allegations as to liability. Comdyne I, 908 F.2d at 1149. The Court is satisfied that SWI has adequately pled claims against GMR for breach of contract.

5

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that defendant breached the contract; and (3) that plaintiff suffered damages due to the breach. See AT & T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). SWI has alleged that: (1) there was a contractual relationship between SWI and GMR based on the Assignment and Assumption Agreement in which GMR assumed all of Norwich's rights and obligations under the Franchise Agreement, see Compl. ¶ 10; (2) SWI breached the Agreement by ceasing to operate the Facility as a Super 8 guest lodging facility, see id. ¶ 31; and (3) SWI suffered damages as a result of the breach, see id. ¶¶ 33-36, 38-40, 42-44, 46-48, 52; Affidavit of Suzanne Fenimore ("Fenimore Aff.") ¶¶ 17-25, ECF No. 10-3. Therefore, SWI has sufficiently alleged a breach of contract by GMR.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, GMR does not have a meritorious defense. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *5 (D.N.J. Mar. 19, 2012). Second, the Court finds that SWI will suffer prejudice absent entry of default judgment, as it would have no other means of obtaining relief. Finally, the Court finds that GMR acted culpably as it has been served with the Complaint, is a corporation that is not an infant or otherwise incompetent, and is not presently engaged in military service. See Couch Cert. ¶¶ 5, 10; Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

SWI has requested a default judgment in the amount of $106,948.78.[2] Fenimore Aff. ¶ 25. The amount is calculated as of February 21, 2017, and consists of: (1) Recurring Fees in the amount of $47,454.68, inclusive of interest at the rate of 1.5% per month, see id. ¶ 17, and (2) liquidated damages in the amount of $50,000.00, plus interest calculated at the rate of 1.5% per month, for a total of $9,494.10 ($59,494.10 for liquidated damages and interest), see id. ¶¶ 23-24. In support of its claim for damages, SWI submitted an itemized statement setting forth the amounts of Recurring Fees due and owing, see Fenimore Aff. Ex. D, as well as an itemized breakdown of the total amounts sought, see Fenimore Aff. Ex. E,[3] and a copy of the Franchise Agreement, see Fenimore Aff. Ex. A.

According to the Complaint and Fenimore Affidavit, the Franchise Agreement was terminated effective January 3, 2016, due to GMR ceasing to operate the Facility as a Super 8 guest lodging facility. See Compl. ¶ 31; Fenimore Aff. ¶ 15. SWI has established that as of that date, it was entitled to payment for all outstanding Recurring Fees, as well as liquidated damages and interest.

SWI has established that, in the event of termination of the Franchise Agreement, GMR must pay liquidated damages to SWI in accordance with a specified formula. Compl. ¶ 18; Fenimore Aff. ¶ 12. Section 18.4 of the Franchise Agreement specifically set liquidated damages for the Facility at $1,000.00 for each guest room of the Facility that GMR was authorized to operate at the time of termination. Compl. ¶ 19; Fenimore Aff. ¶ 13; Fenimore Aff. Ex. A, at 32. At the time of termination, GMR was authorized to operate 50 guest rooms at the Facility. Fenimore Aff.

---

[2] SWI has indicated that the total amount of damages requested is $97,454.68. Fenimore Aff. ¶ 25. However, this amount does not include the requested prejudgment interest on the liquidated damages. Therefore, the total amount of damages SWI has requested is $106,948.78.

[3] The Court notes that Plaintiff does not appear to seek damages for any claim other than its breach of contract claim, and has not requested attorneys' fees or costs.

¶ 22. SWI is therefore owed $50,000.00 in liquidated damages ($1,000.00 x 50 guest rooms = $50,000.00 in liquidated damages). Id.  SWI is also entitled to interest on this amount at the contractual rate of 1.5% in the amount of $9,494.10 from February 2, 2016 (30 days from the date of termination) to February 21, 2017, which amounts to 385 days. Id. at ¶ 24; Fenimore Aff. Ex. A, at 12.  The $9,494.10 figure is calculated by multiplying $50,000.00 by 18% per year (1.5% per month multiplied by 12 months), which equals $9,000.00 in interest per year.  Fenimore Aff. ¶ 24.  That amount is then divided by 365 days to equal $24.66 in interest per day. Id.  When $24.66 in interest per day is multiplied by 385 days, the interest owed equals $9,494.10.

However, SWI has failed to establish that it is entitled to a judgment in the full amount it seeks for unpaid Recurring Fees.  While SWI has met its burden to demonstrate that it is entitled to the payment of any Recurring Fees that were owed as of the date of termination, it appears that SWI also seeks Recurring Fees that accrued *after* the termination of the contract. See Fenimore Aff. Ex. D (seeking fees through March 2016).  A grant of Recurring Fees that were incurred following the Agreement's termination, along with an award of liquidated damages (which is intended to compensate SWI for damages it would sustain after a premature breach) would provide a double recovery, and thus could be construed as an unenforceable penalty.  Therefore, to the extent the requested amount reflects post-termination Recurring Fees, the Court denies SWI's request. See, e.g., Ramada Worldwide Inc. v. Khan Hotels LLC, No. 16-2477, 2017 WL 187384, at *7 (D.N.J. Jan. 17, 2017) (denying a request for Recurring Fees that were incurred after the alleged improper termination, where liquidated damages were also sought); Days Inns Worldwide, Inc. v. Savita Hosp. Grp., Inc., No. 13-2863, 2014 WL 3748204, at *4 (D.N.J. July 28, 2014) (same).  This Court will grant Recurring Fees existing prior to the termination of the Agreement

(through Dec. 2015), in the amount of $29,439.52. Fenimore Aff. Ex. D. The total damages are reflected below:

| **Recurring Fees** (through Dec. 2015) | $29,439.52 |
|---|---|
| **Liquidated Damages** | $50,000.00 |
| **Prejudgment Interest on Liquidated Damages** | $9,494.10 |
| **Total Damages** | $88,933.62 |

### IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment, ECF No. 10, is **GRANTED** and judgment shall be entered against Defendant GMR in the amount of $88,933.62. An appropriate Order accompanies this Opinion.

**Dated: July 24, 2017**

                                                  */s Madeline Cox Arleo*_____
                                                  **Hon. Madeline Cox Arleo**
                                                  **United States District Judge**